**San KHAM, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–72268.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 9, 2004.

Decided Jan. 30, 2004.

Frank D. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Cindy S. Ferrier, Office of Immigration, Washington, DC, for Respondent.

Before: GRABER and CLIFTON, Circuit Judges, and BREWSTER, District

Judge.*

## MEMORANDUM **

Petitioner San Kham, a native and citizen of Cambodia, sought asylum in the United States, claiming that he will be subject to political persecution if he is returned to Cambodia. The immigration judge ("IJ") denied his petition for asylum and withholding of removal. That decision was affirmed without elaboration by the Board of Immigration Appeals ("BIA"), so it is the content of the IJ's decision that we review here. *Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995). We review the IJ's factual findings for substantial evidence. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). As the parties are familiar with the facts, procedural history, and arguments, we will not recount them here. We deny the petition for review.

As the IJ found, even though Kham's testimony was credible, the incidents he complained of did not constitute past persecution or give him an objectively reasonable fear of future persecution. Persecution "is an extreme concept that does not include every sort of treatment our society regards as offensive." *Singh v. INS,* 134 F.3d 962, 967 (9th Cir.1998) (internal quotation marks omitted). Kham points to only two incidents to support his claim that he suffered past persecution: his transfer from the police department to the immigration department, and the threat, received second-hand, that his life was in danger.

Substantial economic deprivation, constituting a threat to life or freedom, can constitute persecution, *Baballah v. Ashcroft,* 335 F.3d 981, 988 (9th Cir.2003), but merely being fired from a job, even if discriminatory, is not persecution. *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). Here, Kham was not even fired. Although he was not given any tasks, and was relieved of his supervisory duties, he continued to receive the same pay as previously.

Kham's friend and supervisor in the immigration department told Kham that he had heard a rumor, from "someone bigger than him," that Kham's life was in danger because he was suspected of passing information to a rival political party. While death threats alone *can* constitute persecution, *Navas v. INS,* 217 F.3d 646, 658 (9th Cir.2000), without more they do not *compel* a reviewing court to find past persecution. *Lim v. INS,* 224 F.3d 929, 936–37 (9th Cir.2000).

We acknowledge that the IJ's opinion contained factual errors and logical inconsistencies. For example, the opinion twice identified Mr. Sem as a member of the Khmer Rouge, when in fact he was affiliated with the mainstream political party FUNCINPEC, a very different group. At another point, in assessing Kham's subjective fear of future persecution the IJ's opinion stated, "his unwillingness to return does not stem from persecution that he may face," when only two pages earlier the IJ had specifically found Kham's testimony credible. That testimony included statements such as, "I know that if I go back I will be killed," making it inconsistent to both believe his testimony and conclude that he does not have a subjective fear of persecution.

Similarly, the IJ's opinion repeatedly mentioned Kham's failure to provide cor-

---

\* The Honorable Rudi Brewster, Senior District Judge for the Southern District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

roborating evidence. An asylum applicant is not required to provide corroborating evidence, and "may establish his case through his own testimony alone." *Garrovillas v. INS,* 156 F.3d 1010, 1016 (9th Cir.1998) (quoting *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997)); *see also Ladha v. INS,* 215 F.3d 889, 900–01 (9th Cir.2000).

Even accepting Kham's testimony as true, however, we must affirm the decision because there is substantial evidence supporting the IJ's conclusions that Kham did not suffer past persecution and does not have an objectively reasonable fear of future persecution.

Because Kham cannot "satisfy the lesser standard of proof required to establish eligibility for asylum, [he] necessarily fail[s] to demonstrate eligibility for withholding of deportation" as well. *Fisher v. INS,* 79 F.3d 955, 965 (9th Cir.1996) (en banc).

**PETITION DENIED.**